GERTRUDE SIMMER v. GEORGE W. BLABON.

November 30, 1898.

Nos. 11,258—(128).

**Foreclosure of Mortgage—Recovery of Surplus after Sale—Taxes—Burden of Proof.**

On the trial of an action to recover a surplus in the hands of a mortgagee after a foreclosure sale, it appeared from the foreclosure proceedings, under the power of sale, that he claimed in the notice of sale, and in the affidavit of costs and disbursements, that certain sums were due for taxes, but he did not anywhere state that he had paid any such taxes. *Held*, the burden was on him to show that he had paid them. Whether, if he had so stated, the burden would be on the plaintiff, quære.

From an order of the district court for Hennepin county, Lancaster, J., denying a motion for a new trial after directing a verdict for defendant, plaintiff appealed.    Reversed.

*Smith & Smith,* for appellant.

Taxes paid after the foreclosure sale cannot be retained out of the proceeds of the sale, and the mortgagor or his assigns may recover them.    See Truesdale v. Sidle, 65 Minn. 315; Gorham v. Nat. Life Ins. Co., 62 Minn. 327; Wyatt v. Quimby, 65 Minn. 537; Hamel v. Corbin, 69 Minn. 223; Spencer v. Levering, 8 Minn. 410 (461); Nopson v. Horton, 20 Minn. 239 (268); Martin v. Lennon, 19 Minn. 45 (67); Kirkpatrick v. Lewis, 46 Minn. 164.    The burden of proof was on the defendant to show that he had paid the taxes prior to the sale.    Hamel v. Corbin, supra.    See also Great Western Ry. Co. v. Bacon, 30 Ill. 347; Swafford v. Whipple, 3 Green (Iowa) 261; People v. Swineford, 77 Mich. 573; 5 Am. & Eng. Enc. (2d Ed.) 41; 1 Greenleaf, Ev. § 79; Rice, Ev. § 77.    Unless the taxes are duly paid he has no lien.    G. S. 1894, § 1619; Wyatt v. Quimby, supra.

*Brooks & Hendrix, C. S. Jelley* and *L. K. Hull,* for respondent.

The burden was upon appellant to prove that respondent did not pay the taxes prior to the foreclosure sale.    See Wharton, Ev. § 357; Smith v. Grant, 30 Ill. App. 150; Hobe v. Swift, 58 Minn. 84; Hamel v. Corbin, 69 Minn. 223.    The evidence of a payment of the taxes is not so exclusively within respondent's control as to cast the burden of proof upon him, since the stub duplicates of the tax receipts, made by a county treasurer as required by G. S. 1894, § 1565, are evidence of the payment of the taxes represented thereby, and equally within the power of appellant to produce.    See State v. Ring, 29 Minn. 78.    The burden of proof in an action for a surplus on a foreclosure sale rests upon the person claiming that such a surplus exists.    Bidwell v. Whitney, 4 Minn. 45 (76); Morse v. Home S. & L. Assn., 60 Minn. 316; Hobe v. Swift, 58 Minn. 84.    See also Webster v. Singley, 53 Ala. 208; Aultman v. Siglinger, 2 S. D. 442.

CANTY, J.

This is an action brought by the grantee of the mortgagors of a

city lot against the mortgagee to recover a surplus remaining in his hands after paying all sums which he had a right to retain on a foreclosure sale under the mortgage. The foreclosure was made under the power of sale contained in the mortgage, and the notice of sale states:

"Default having been made in the payment of the sum of $253.91 interest money, and $229.72 taxes, which is claimed to be due at the date of this notice."

It appears by the affidavit of costs and disbursements that the property was bid in at the sale for the full amount of the principal and interest, costs and disbursements, and also the following items:

"Amount of taxes due March 26, 1892................. $229 72
Interest to date of sale.............................    1 92
                                                      ---------
                                                      $231 64"

The action was brought to recover this latter sum on the theory that defendant had no right to retain it.

On the trial the foreclosure proceedings, including said affidavit of costs and disbursements, were introduced in evidence, and also tax receipts dated eleven days after the day of the foreclosure sale, but the description of the property in the receipts is fatally defective. However, for the purposes of this case, we regard that as immaterial. On this state of the evidence the court ordered a verdict for defendant, and from an order denying a new trial plaintiff appeals.

Defendant contends that the burden was on plaintiff to show that defendant had not paid taxes for which he is entitled to retain this $231.64, and plaintiff contends that the burden was on defendant to show that he had paid such taxes. We need not consider where the burden of proof would be if the defendant either in his notice of foreclosure sale, or in his affidavit of costs and disbursements, or in both, had stated that he had paid the taxes for which he claims the right to retain the $231.64. He has not so stated. In the notice he simply stated that default had been made in the payment of "$229.72 taxes, which is claimed to be due at the date of this notice." In the affidavit of costs and disbursements he

simply stated the amount of taxes due on March 26, 1892, and the interest thereon to the date of sale.   In the absence of any assertion in the foreclosure proceedings that he has paid such taxes, we are clearly of the opinion that the burden was on him in this action to prove that he had paid them.

He has not maintained that burden, and the order appealed from is therefore reversed, and a new trial granted.

